Municipal Court of Cincinnati.

A. A. KLEINMAN V. THOMAS BROWN, ET AL.

Decided November 19, 1932.

*S. Rotter,* for plaintiff.
*Joseph B. Derbes,* for defendant.

FORCHHEIMER, J.

This case is for hearing on a proceeding in aid of execution.

The plaintiff recovered a judgment against the defendant on a cause of action which did not involve the furnishing of necessaries, or work and labor to the debtor, his wife, or dependent family.

In another case in this Court and within thirty days preceding the proceedings in aid of execution now under consideration, another judgment creditor with a similar claim garnisheed by proceedings in aid of execution 10% of the defendant's personal earnings. The defendant showed that he lives with and is the head and sole support of a family and needs the rest of his earnings for the support of his family.

The question for determination is whether, where one judgment creditor has, by proceedings in aid of execution, garnisheed 10% of a judgment debtor's personal earnings, such judgment debtor living with and being the sole support of a family and needing such earnings for the support of his or her dependent family, another judgment debtor, within 30 days of such proceedings in aid of execution, can by new proceedings in aid of execution garnishee a like percentage of the same judgment debtor's earnings when neither judgment creditor's claim is for furnishing necessaries, or work and labor to the defendant, his wife, or dependent family.

Section 11725, General Code, so far as pertinent, provides:

"Every person who lives with and is the head and sole support of a family * * * may hold property exempt from execution, attachment, or sale, for debt, damage, fine or amercement, as follows: * * *

"6—90% of the personal earnings of a debtor and the personal earnings of his or her minor child or children for 30 days, not exceeding $75. when it is shown that such earnings are necessary to the support of the debtor or of his or her dependent family. * * * "If the claim, debt, or demand for the payment of which it is sought to subject such personal earnings is one for work or labor or necessaries furnished to the debtor, his wife, or dependent family, only 80% of the earnings shall be so exempt as against such claim, debt or demand. * * * "No proceedings to subject a defendant's personal earnings to the satisfaction of a debtor (debt) or judgment shall be brought by the same person sooner than 30 days after the last preceding successful proceeding against the same defendant. * * *"

In deciding this question, we must bear in mind the rule of construction with reference to exemption statutes

settled in Ohio since *Sears* v. *Hanks,* 14 O. S. 298, that exemption statutes are to be construed liberally and to secure the beneficent purposes of their enactment. *Gibson* v. *Mundell,* 29 O. S. 525, 529.

If that portion of the statute which provides that:
"no proceedings to subject a defendant's personal earnings to the satisfaction of a debtor (debt) or judgment shall be brought by the same person sooner than 30 days after the last preceding successful proceeding against the same defendant."

is interpreted to mean that only a judgment debtor who has attached the non-exempted portion of a judgment debtor's earnings is barred during the 30 day period, then self-evidently no portion of a judgment debtor's earnings need be exempt. Obviously ten judgment creditors who have judgments for non-necessaries may attach all of the judgment debtor's earnings, or five judgment creditors who have judgments for necessaries may attach all of the judgment debtor's earnings.

Section 11725 of the exemption statutes was not enacted for the benefit of the judgment debtor, but to protect such debtor's family. This is shown by Section 11721, General Code, which provides for exemptions to unmarried persons and gives such unmarried persons as exemptions only wearing apparel, not exceeding $100. in value, and tools and implements of such debtor's profession, trade, or business, including agriculture, not exceeding $100. in value.

In the light of the well settled rule of interpretation to be applied to exemption statutes referred to above, the Court cannot accept that interpretation which leaves the judgment debtor's family and dependent children helpless by applying all of such debtor's personal earnings to the payment of judgments obtained against him. Such interpretation would not construe these exemption statutes liberally and to secure the beneficent purposes of their enactment. This result can be accomplished only by interpreting the statute in such manner as to allow the judgment debtor to keep exempt during any 30 day period the percentage exempted by statute, notwithstanding the

number of judgment creditors who seek, by proceedings in aid of execution during such period to garnishee the judgment debtor's personal earnings.

The Court concludes that only one judgment creditor can, during any 30 day period, attach that portion of a judgment debtor's personal earnings not exempted by statute, when such judgment debtor shows that he lives with and is the head and sole support of a family and that such earnings are needed for the support of his or her dependent family, and that during such 30 day period no judgment creditor can attach by proceedings in aid of execution any additional percentage of such judgment debtor's earnings.

To the same effect see *Bulla* v. *Kent,* 15 O. D. N. P. 409.

The proceedings in aid of execution are therefor dismissed.